**Dasamir DUKA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–3382–ag.

United States Court of Appeals, Second Circuit.

Dec. 29, 2006.

Dasamir Duka, pro se, Staten Island, NY, for Petitioner.

Michael Sady, Assistant United States Attorney, for Michael J. Sullivan, United States Attorney for the District of Massachusetts, Boston, MA, for Respondent.

PRESENT: Hon. WALKER, Hon. GUIDO CALABRESI, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Dasamir Duka, a citizen of Macedonia, seeks review of a June 19, 2006 order of the BIA adopting and affirming immigration judge ("IJ") Paul DeFonzo's February 23, 2005 decision denying Dasamir's applications for asylum and withholding of removal. *In re Dasamir Duka*, No. A97 485 535 (B.I.A. June 19, 2006), *aff'g* A97 485 535 (Immig. Ct. N.Y. City Feb. 23, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S.*

*Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004).

Here, the IJ was reasonable in relying on three inconsistencies between Duka's hearing testimony and his written application as well as two discrepancies between Duka's testimony and his submitted documentary evidence in finding him not credible. *See Diallo v. INS*, 232 F.3d 279, 288 (2d Cir.2000). The discrepancies related to the essential elements of Duka's claim, *i.e.,* the abuse he and his family suffered on account of their Albanian ethnicity and his failure to report for military duty. *See Secaida–Rosales*, 331 F.3d at 308–09. The IJ was also reasonable in rejecting Duka's explanations for these inconsistencies, as his repeated statements that he was confused about dates would not compel a reasonable adjudicator to accept his attempts at resolution. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005).

Duka argues in his brief to this Court that the IJ erred in failing to adequately consider country condition evidence in the record detailing the treatment of Macedonian draft evaders. However, this Court presumes an IJ has taken into account all evidence before him unless the record compellingly suggests otherwise. *See Xiao Ji Chen*, 434 F.3d 144, 160 n. 13 (2d Cir.2006). Because the IJ's determination that Duka's claim of persecution based on his draft evasion and Albanian ethnicity is based upon substantial evidence in the record, the IJ was not obligated to consider the country reports, and Duka's reliance on such information is misplaced.

The IJ's denial of asylum was thus appropriate. Because the only evidence of a threat to Duka's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal. *See Wu Biao Chen v. INS*,

344 F.3d 272, 275 (2d Cir.2003). To the extent petitioner challenges the BIA's denial of relief under the Convention Against Torture ("CAT"), this claim fails as petitioner never applied for CAT relief.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.